

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HELEN LANETT RANSOM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-404-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Helen Lanett Ransom, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as an unauthorized successive petition.

**I. Factual and Procedural History**

Petitioner is serving a 60-year sentence in TDCJ for her 1999 conviction for injury to a child/SBI in Tarrant County, Texas, Case No. 0655861D. (Pet. 2, doc. 6.) This is petitioner's fourth § 2254 habeas petition filed in this court challenging the same 1999 conviction. The court takes judicial notice of the pleadings and state court records filed in petitioner's prior

federal habeas actions. *See Ransom v. Stephens,* Civ. Action No. 4:13-CV-1005-A (dismissed as an unauthorized successive petition); *Ransom v. Quarterman,* Civ. Action No. 4:09-CV-204-A (dismissed as an unauthorized successive petition); *Ransom v. Dretke,* Civ. Action No. 4:04-CV-532-Y (dismissed as time-barred).

## II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas-corpus petition to be summarily dismissed.[1] The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition, it is apparent that this is a

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

2

second or successive petition. *See* 28 U.S.C. § 2244(b)(1).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Further, before a petitioner may file a successive § 2254 petition, she must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner was instructed of the successive-petition bar and the necessity of obtaining permission to file a successive petition from the Fifth Circuit Court of Appeals in her two previous habeas actions. Nevertheless, she has not demonstrated that she has obtained leave to file this petition from the Fifth Circuit. Without such authorization, this court is without jurisdiction to consider the petition.[2] *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir.2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999).

---

[2]Because the court lacks jurisdiction, no ruling is made on petitioner's application to proceed *in forma pauperis*. (Appl., doc. 7.)

3

### III. Sanctions

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to frivolous, repetitive, or otherwise abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims and can include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See* FED. R. CIV. P. 11; *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 189 (5th Cir. 2008); *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).

Petitioner is warned that the filing of any other successive challenge to her 1999 state court conviction or sentence, without first obtaining and providing to this Court an authorization from the United States Court of Appeals for the Fifth Circuit, may result in the imposition of sanctions, including a monetary penalty, a bar to filing any further habeas petitions, motions or lawsuits in this court, or other impediments.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

4

dismissed as an unauthorized successive petition.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED June ____, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE